# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
K.O.,                              *
parent of A.F., a minor,           *   No. 13-472V
                                   *   Special Master Christian J. Moran
             Petitioner,           *
                                   *   Filed: July 25, 2016
v.                                 *   Reissued: January 3, 2017
                                   *
SECRETARY OF HEALTH                *   Attorneys' fees and costs on an
AND HUMAN SERVICES,                *   interim basis; award in the amount
                                   *   to which respondent has not
             Respondent.           *   objected.
* * * * * * * * * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner;
Heather L. Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

K.O., as parent of A.F., a minor, alleges that A.F. developed opsoclonus myoclonus syndrome as a result of a PCV vaccination administered on July 14, 2010. While her case remains pending, K.O. filed a motion for an award of attorneys' fees and costs on an interim basis. K.O. is awarded **$85,546.75**.

After filing her case, K.O. submitted medical records, retained an expert, and submitted expert reports. An entitlement hearing was held on August 13, 2015. The Secretary does not make any objections to petitioner's motion.

A petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Here, counsel for petitioner spent time gathering medical

---

[1] After this decision was issued, the petitioner filed a motion to redact her name to initials pursuant to Vaccine Rule 18(b). That motion was granted. Order, filed Nov. 30, 2016.

records, filing affidavits, retaining an expert, filing expert reports, and attending a hearing for petitioner. Thus, because petitioner's counsel acted in good faith and there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' costs. Respondent does not contend that petitioner failed to satisfy these criteria.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned GRANTS K.O.'s motion and awards $66,527.00 in attorneys' fees and $18,619.75 in attorneys' costs for a total amount of **$85,146.75** on an interim basis. In accordance with General Order No. 9, petitioner's counsel represents that petitioner incurred **$400** in out-of-pocket litigation expenses while pursuing this claim. This shall be paid as follows:

a. **A lump sum payment of $85,146.75, in the form of a check made payable jointly to petitioner and petitioner's attorney, Ronald C. Homer, of Conway, Homer & Chin-Caplan, P.C., for attorneys' costs on an interim basis available under 42 U.S.C. § 300aa-15(e).**

b. **A lump sum of $400.00 in the form of a check made payable to K.O., for petitioner's out-of-pocket litigation expenses.**

The Clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED**.

s/ Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.